UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARLOS HERNANDEZ,

                Plaintiff,

-against-

MICHAEL SPOSATO, As Sheriff at Nassau County
Jail, JOHN DOE, As Warden of Nassau County Jail,
JOHN DOE, As Superintendent of Nassau County Jail,

                Defendants.
------------------------------------------------------------X

**ORDER**
12-CV-2530 (SJF)(WDW)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★  JUL 09 2014  ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

On May 18, 2012, incarcerated *pro se* plaintiff Carlos Hernandez ("plaintiff") filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against Michael Sposato as Sheriff at Nassau County Jail, "John Doe" as Warden of Nassau County Jail (the "Warden"), and "John Doe" as Superintendent of Nassau County Jail (the "Superintendent") (collectively, "defendants"). [Docket Entry No. 1]. Now before the Court is defendants' motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [Docket Entry Nos. 21-23]. Defendants served their motion to dismiss on August 15, 2013. [Docket Entry No. 18]. Plaintiff did not oppose the motion and did not seek an extension of time within which to do so. On November 4, 2013, defendants' motion was deemed fully submitted and unopposed. [Docket Entry No. 27]. For the reasons that follow, defendants' unopposed motion to dismiss is granted.

I.    Background

Plaintiff's handwritten statement of claim, submitted on the Court's Section 1983 complaint form, alleges in its entirety that:

>Dateing [sic] back from April 20011 [sic] to present of this
>complaint I been [sic] incarcerated in Nassau County Correctional

> Center (N.C.C.C) and due to the excessive use of the lights I have lost my vision, witch [sic] the lights come on at about 6:00 AM and remain on till [sic] about 1:00 AM and is very strong light and it caused my eyes to iches [sic] a lot and allways [sic] have a lot of headache [sic], migraines, and I can't sleep at night. And now I have to wear glasses for the rest of my life. There is use of excessive use of lights in every house area in Nassau County Correctional Center (N.C.C.C.). and we have slow medical attention, medical staff take [sic] a week or longer to answer sick calls and sometimes won't answer at all in violation of the plaintiff's eight [sic] amendment rights under the constitution 42 U.S.C. 1983, and common law.

(Compl. ¶ IV). Plaintiff describes his injuries as "lost [sic] of vision due to exssive [sic] use of lights witch [sic] (N.C.C.C.) have give me glasses, eyes iches [sic], headache, migraines, [and] back pain." (*Id.* at ¶ IV-A). Plaintiff also complains that the Nassau County Correction Center ("N.C.C.C.") has provided him with "no medication for [his injuries] for the rason [sic] the medical staff won't answer sick calls." (*Id.*). As a result, plaintiff seeks to recovery thirty million dollars ($30,000,000.00) in compensatory damages, and one hundred million dollars ($100,000,000.00) in punitive damages. (*Id.* at ¶ V).

II. Discussion

A. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937

2

(quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937.

District courts are required to read *pro se* complaints liberally, *Erickson*, 551 U.S. at 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013), and to construe them "to raise the strongest arguments that they suggest." *Warren v. Colvin*, 744 F.3d 841, 843 (2d Cir. 2014); *see also Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (Since *pro se* litigants "are entitled to a liberal construction of their pleadings, [their complaints] should be read to raise the strongest arguments that they suggest." (internal quotation marks and citation omitted)). Moreover, in deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe all the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P.*, 737 F.3d 166, 176 (2d Cir. 2013); *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013). However, this tenet "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679, 129 S.Ct. 1937; *see also Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("A court can

choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." (internal quotation marks and citation omitted)). Nonetheless, a plaintiff is not required to plead "specific evidence or extra facts beyond what is needed to make the claim plausible." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120-21 (2d Cir. 2010); *see also Matson v. Bd. of Educ. of City School Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) ("While a complaint need not contain detailed factual allegations, it requires more than an unadorned, the defendant-unlawfully-harmed-me accusation." (internal quotation marks and citations omitted).

B. Section 1983

Section 1983 of Title 42 of the United States Code provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 132 S.Ct. 1657, 1661, 182 L.Ed.2d 662 (2012). Thus, to state a Section 1983 claim, a plaintiff must allege that: (1) the challenged conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States," and (2) such challenged conduct was "committed by a person acting under color of state law." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)); *see also Rehberg v. Paulk*, 132 S.Ct. 1497, 1501-02, 182 L.Ed.2d 593 (2012). Section 1983 does not create any independent substantive right; rather it is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

### 1. Deprivation of Constitutional Right

Plaintiff seeks to allege that the "excessive use of lights" and purported inadequate medical care at the N.C.C.C. violate the Eighth Amendment.

#### a. Conditions of Confinement

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotation marks and citations omitted). The Eighth Amendment prohibition of "cruel and unusual punishment" imposes a duty upon prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care, and [to] take reasonable measures to guarantee the safety of the inmates." *Id.* at 832-33, 114 S.Ct. 1970 (internal quotation marks and citations omitted).

A prisoner may prevail on an Eighth Amendment claim regarding the conditions of confinement "only where he proves both an objective element . . . and a subjective element." *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002). In order to satisfy the objective element of a conditions of confinement claim, a prisoner must demonstrate a "serious deprivation of basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). "To the extent that [prison] conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.* "Because society does not expect or intend prison conditions to be comfortable, only extreme deprivations are sufficient to sustain a 'conditions-of-confinement' claim." *Blyden v. Mancusi*, 186 F.3d 252, 263 (2d Cir. 1999) (citation omitted). The "excessive use of lights" at the N.C.C.C. of which plaintiff now complains does not constitute a "serious deprivation of basic human needs" sufficient to satisfy the objective element of a conditions of confinement claim. *Rhodes*, 452 U.S. at 347, 101 S.Ct.

2392. Nor does plaintiff allege facts to satisfy the subjective element, which requires that "the defendants imposed [the allegedly unconstitutional] conditions with 'deliberate indifference.'" *Jolly v. Coughlin*, 76 F.3d 468, 480 (2d Cir. 1996). Thus, plaintiff has failed to allege a plausible conditions of confinement claim.

### b. Adequacy of Medical Care

Plaintiff's claim that he was denied adequate medical care at the N.C.C.C. in violation of his Eighth Amendment rights requires a showing of "deliberate indifference to [a prisoner's] medical needs." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Estelle*, 429 U.S. at 104, 97 S.Ct. 285). The test for deliberate indifference to medical needs has both an objective and a subjective component. *See Callazo v. Pagano*, 656 F.3d 131, 135 (2d Cir. 2011) (citing *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)); *Hill*, 657 F.3d at 122.

To satisfy the objective element of deliberate indifference, "the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain, exists." *Hill*, 657 F.3d at 122 (quoting *Hathaway*, 99 F.3d at 553). In order to determine whether an alleged deprivation of medical care was objectively serious, the court must inquire whether (1) the inmate was "actually deprived of adequate medical care," and (2) "the inadequacy in medical care [was] sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 266 (2d Cir. 2006).

Plaintiff contends that he received "no medication" because "the medical staff won't answer sick calls." Compl. ¶ IV-A. This "naked assertion [is] devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted), to sufficiently allege that plaintiff was "actually deprived of adequate medical care" or that the alleged inadequacy of medical treatment was "sufficiently serious." *Salahuddin*, 467 F.3d at

6

266. Indeed, plaintiff acknowledges that the N.C.C.C provided him with glasses to treat his loss of vision. Compl. ¶ IV-A. Furthermore, plaintiff has failed to allege facts to satisfy the subjective element, which requires the plaintiff to show that the defendants "[were] deliberately indifferent to [the plaintiff's] serious medical needs." *Hathaway*, 99 F.3d at 522. Accordingly, plaintiff's complaint fails to state a plausible claim for deliberate indifference to his medical needs.

2. Acting Under Color of State Law

a. Individual Liability

A Section 1983 claim must allege the personal involvement of any individual defendant in the purported constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013); *Grullon v. City of New Haven*, 720 F.3d 133, 138-39 (2d Cir. 2013). "Personal involvement" may be established by evidence of direct participation in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 753 (2d Cir. 2003); *see also Grullon*, 720 F.3d at 139. "An individual cannot be held liable for damages under § 1983 'merely because he held a high position of authority.'" *Back v. Hastings on Hudson Union Free School Dist.*, 365 F.3d 107, 127 (2d Cir. 2004) (quoting *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996)). A complaint based upon a violation of Section 1983 that does not allege facts establishing the personal involvement of an individual defendant fails as a matter of law. *See Costello v. City of Burlington*, 632 F.3d 41, 48-49 (2d Cir. 2011).

Plaintiff has not alleged any conduct attributable to Sheriff Sposato, the Warden, or the Superintendent, and seeks to impose liability on them only because of the positions they hold. Even upon a liberal construction, plaintiff's complaint is devoid of any factual allegations to demonstrate personal involvement by these individual defendants regarding the conditions or the adequacy of medical treatment at the N.C.C.C. Thus, plaintiff has not set forth a plausible Section 1983 claim against Sheriff Sposato, the Warden, or the Superintendant. Accordingly, plaintiff's Section 1983 claims against defendants are dismissed.[1]

### b. Municipal Liability

While plaintiff has not named Nassau County as a defendant in this action, the Court liberally construes plaintiff's complaint to assert a Section 1983 claim against Nassau County. "Under the standards of *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), a municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012). "[Local governments] are not vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, 131 S.Ct. 1350, 1359, 179 L.Ed.2d 417 (2011) (citations omitted.

To prevail on a Section 1983 claim against a municipal entity, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its

---

[1] In light of this determination, the Court does not address defendants' remaining arguments, including the purported qualified immunity of Sheriff Sposato or plaintiff's failure to exhaust administrative remedies as required by the Prison Litigation Reform Act.

8

policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 131 S.Ct. at 1359, 179 L.Ed.2d 417. "[A] plaintiff can prevail against a municipality by showing that the policymaking official was aware of the employee's unconstitutional actions and consciously chose to ignore them." *Jones*, 691 F.3d at 81. To establish such deliberate indifference, "a plaintiff must show that a policymaking official was aware of constitutional injury, or the risk of constitutional injury, but failed to take appropriate action to prevent or sanction violations of constitutional rights." *Id.*

Assuming, *arguendo*, that plaintiff's complaint sufficiently alleges a deprivation of a constitutional right, plaintiff's complaint still fails to state a plausible Section 1983 claim against Nassau County. Plaintiff's complaint is devoid of any facts to support an inference that the alleged "excessive use of lights" or the purported inadequate medical care at the N.C.C.C. were the result of a municipal policy or custom of deliberate indifference. *See e.g.*, *White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226 (2d Cir. Mar. 10, 2010) (summary order) (affirming *sua sponte* dismissal of Section 1983 claim for plaintiff's failure "to allege that any of the allegedly unconstitutional actions were taken pursuant to an official policy or custom, as is required to state a § 1983 claim against a municipality"); *see also Murray v. Johnson*, 367 F. App'x 196, 197 (2d Cir. Feb. 22, 2010) (summary order) (affirming dismissal of deliberate indifference claim against municipality where plaintiff "fails to show an official policy or directive that caused the medical staff or prison guards [to act] unreasonably").

C. Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that a party shall be given leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S.

9

178, 182, 83 S.Ct. 229, 9 L.Ed.2d 222 (1962). "Leave to amend, though liberally granted, may be properly denied for: 'undue delay, bad faith or dilatory motive on the part of the [plaintiff], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman*, 371 U.S. at 182).

The Court has carefully considered whether plaintiff should be given an opportunity to amend his complaint. The facts set forth in the complaint do not allege the deprivation of any constitutional right. Consequently, because the deficiencies noted above are substantive in nature and would not be remedied if plaintiff were afforded an opportunity to amend his complaint, leave to amend is denied.

III. Conclusion

For the foregoing reasons, defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted and plaintiff's complaint is dismissed with prejudice. The Clerk of the Court shall enter judgment accordingly and close this case.

**SO ORDERED.**

s/ Sandra J. Feuerstein
───────────────────
Sandra J. Feuerstein
United States District Judge

Dated: July 9, 2014
Central Islip, New York